JAMES C. NIELSEN (111889)
  jnielsen@nkllp.law
DANIEL N. KATIBAH (293251)
  dkatibah@nkllp.law
NIELSEN KATIBAH LLP
100 Smith Ranch Road, Suite 350
San Rafael, California 94903
Telephone: (415) 693-0900
Facsimile: (415) 693-9674

Attorneys for Plaintiff,
Mesa Underwriters Specialty Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ALLERGAN, INC.,<br><br>Defendant. | No.<br><br>**COMPLAINT FOR:**<br><br>**(1) – REIMBURSMENT OF DEFENSES FEES AND COSTS;**<br>**(2) - REIMBURSEMENT OF SETTLEMENT PAYMENT;**<br>**(3) - DECLARATORY JUDGMENT** |

Plaintiff Mesa Underwriters Specialty Insurance Company complains against defendant Allergan, Inc., as follows:

1.     The Court has original jurisdiction over this action under 28 U.S.C. §1332 because it is a civil action between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.  In particular, Mesa seeks reimbursement from Allergan of over $1,000,000, comprised of sums Mesa paid defending Allergan and towards a settlement in an

1

underlying lawsuit.

2.    Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this matter occurred in this district.

3.    Plaintiff was incorporated in Oklahoma in 1979.  In 2012, Plaintiff changed its name from Montpelier U.S. Insurance Company to Mesa Underwriters Specialty Insurance Company and redomiciled in New Jersey.  Mesa's principal place of business is in Branchville, New Jersey.

4.    Defendant Allergan was incorporated in Delaware with its principal place of business in Irvine, California.  Allergan is a wholly owned subsidiary of an Irish company, Allergan plc, formerly named Actavis plc.

5.    On July 12, 2017, Ryan Kaufman filed a lawsuit styled *Ryan Kaufman v. Apeel Technology, Inc. et al.*, in the Santa Barbara County Superior Court, case no. 17CV03060, seeking damages in excess of $10 million for work-related bodily injuries suffered on June 1, 2017, while installing security video cameras on the outside of a building located at 71 S. Los Carneros Road, Goleta, California. Without admitting the truth of the allegations therein and solely for purposes of setting out the nature of its allegations, the *Kaufman* complaint alleged causes of action for premises liability, general negligence, products liability, and negligence per se.  The *Kaufman* complaint initially named Allergan, among others, as defendants.

6.    Mesa is informed and believes, and on that basis alleges, that, in the *Kaufman* action, Ryan Kaufman alleged the subject building located at 71 S. Los Carneros Road was at the relevant time owned by an entity named Los Carneros Business Park, which leased the building to Allergan.  Allergan, in turn subleased the building to Apeel Technology, Inc.  Apeel then contracted with a company named CV Enterprises, Inc., dba CompuVision and Vision Communications ("CompuVision") to install outside security and monitoring video cameras for the

2

building.  At the time of the accident, Ryan Kaufman was an employee of CompuVision and was working for CompuVision to install security video cameras on the building for Allergan's subtenant, Apeel.

7.    Mesa issued to Apeel as named insured commercial insurance policy number MP0004008010478, effective for the policy period of February 16, 2017, to February 16, 2018.  The Mesa policy afforded commercial general liability coverage under form CG 00 01 04 13, subject to a per-occurrence limit of liability of $1,000,000.  The policy provided that Mesa would pay those sums that the insured was legally obligated to pay as damages because of "bodily injury" but had no duty to defend the insured against any suit seeking damages that were not covered by the policy.  The policy included an endorsement under form CG 20 11 04 13 that extended additional insured status to Allergan, among others, with respect to liability arising out of the ownership, maintenance, or use of that part of the premises leased to Apeel, subject to additional terms and conditions.

8.    The Mesa policy's commercial general liability coverage was modified by an exclusion endorsement, form MUS 01 01 20125 0915, barring coverage for bodily injury to employees, temporary workers, and contractors.  The endorsement sets forth the following exclusionary terms:

A. Exclusion **e.** under Paragraph **2. Exclusions of SECTION I – COVERAGES – COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY** [is] deleted and replaced as follows:

**e.    Employees, "Temporary Workers" and Contractors**

"Bodily injury" to:

(1)    An "employee" arising out of and in the course of:
(a)  Employment by any insured; or
(b)  Performing duties related to the conduct of any insured's business; or

(2)    A "temporary worker" arising out of and in the course of performing duties related to the conduct of any insured's business; or

(3)    A contractor and any persons working for or on its behalf arising out of and in the course of performing work related to the conduct of any insured's business; or

(4)    The spouse, child, parent, brother or sister of such person as a consequence of Paragraphs (1), (2) or (3), above

This exclusion applies whether any insured may be liable as an employer or in any other capacity; and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion applies to liability assumed by any insured under an "insured contract".

9.    Allergan tendered its defense of the *Kaufman* action to Mesa as a purported additional insured under the Mesa policy. Mesa accepted Allergan's tender and defended Allergan throughout, under full reservation of rights. Mesa's reservation included the right to deny coverage, withdraw from Allergan's defense, and recoup any and all defense fees and costs paid to defend Allergan, on grounds that the exclusionary language discussed in paragraph 8 above precluded any duty to defend or indemnify the *Kaufman* lawsuit.

10.    In 2019, the *Kaufman* plaintiff served an offer of compromise under Cal. Code Civ. Proc. § 998 on all defendants, including Allergan, in an amount exceeding $40,000,000.

11.    By letter dated August 28, 2019, Mesa notified every insured it was defending in *Kaufman*, including Allergan, that it intended to join with the other participating insurers in an effort to negotiate a global settlement. The letter reaffirmed Mesa's prior reservation of the right to recoup defense fees and costs from its insureds, including from Allergan, on grounds of no coverage. The letter

further notified the insureds, including Allergan, that any payment made to settle *Kaufman* was subject to a reservation of Mesa's right to seek reimbursement, jointly and severally from the insureds, for the amount of the settlement payment on grounds of no coverage.  The letter then notified the insureds that each had the right to assume their own defense if they objected to the proposed settlement.  A true and correct copy of Mesa's letter is attached here as **Exhibit 1**.  Allergan did not communicate any objection.

12.    By June 2020, the *Kaufman* litigants had agreed in principle to a global settlement whereby the various defendants' participating insurers would pay the plaintiff $10,000,000, of which $1,000,000 was allocated to Mesa.

13.    By letter of dated June 19, 2020, Mesa notified every insured it was defending in *Kaufman*, including Allergan, that it intended to pay the $1,000,000 toward the *Kaufman* settlement, subject to Mesa's earlier reservations of rights and any further rights reserved therein.  Like the August 2019 letter, Mesa's June 19, 2020, letter reaffirmed Mesa's reservation of the right to recoup defense fees and costs from its insureds, including from Allergan, on grounds of no coverage.  The letter further notified the insureds, including Allergan, that any payment made to settle *Kaufman* was subject to a reservation of Mesa's right to seek reimbursement, jointly and severally from the insureds, for the amount of the settlement payment on grounds of no coverage.  The letter then notified the insureds that each had the right to assume their own defense if they objected to the proposed settlement.  A true and correct copy of Mesa's letter is attached here as **Exhibit 2**.

14.    Mesa provided Allergan with a reasonable amount of time to consider whether to object to the terms under which Mesa would settle the *Kaufman* action and assume its own defense.  Allergan did not communicate any objection.

15.    By not objecting, Allergan acknowledged Mesa's right to seek reimbursement under a complete reservation of rights to recoup expenses incurred in defending uncovered claims under *Scottsdale Ins. Co. v. MV Transp.*, 36 Cal.4th

5

643 (2005), or *Buss v. Sup. Ct.*, 16 Cal.4th 35 (1997).  Allergan likewise acknowledged Mesa's right to recoup the *Kaufman* settlement payment on grounds of no duty to indemnify per *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal.4th 489 (2001).

16.    The *Kaufman* settlement agreement was fully executed in July 2020, and Mesa paid its $1,000,000 portion of the settlement to counsel for the *Kaufman* plaintiff in or about August 2020.

## FIRST CLAIM FOR REIMBURSEMENT OF DEFENSE FEES AND COSTS

17.    Mesa incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs.

18.    Mesa agreed to defend Allergan in the underlying *Kaufman* lawsuit subject to a full reservation of rights, including the right to seek reimbursement of any fees and costs that Mesa incurred to defend Allergan in *Kaufman*.

19.    Mesa incurred $498,278.87 in fees and costs defending Allergan in the *Kaufman* matter.

20.    Because the Mesa policy does not provide coverage for the *Kaufman* claims, Allergan has obtained policy benefits to which it was not entitled.  To avoid unjust enrichment of Allergan, and in accordance with the policy and California law, Mesa is entitled to full and complete reimbursement from Allergan, jointly and severally, for the full amount of the fees and costs incurred by Mesa on behalf of Allergan, plus prejudgment interest thereon, under *Scottsdale Ins. Co. v. MV Transp.*, 36 Cal.4th 643 (2005), or *Buss v. Sup. Ct.*, 16 Cal.4th 35 (1997).

## SECOND CLAIM FOR REIMBURSEMENT OF SETTLEMENT PAYMENT

21.    Mesa incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs.

22.    Mesa agreed to fund, and did fund, $1,000,000 of the $10,000,000 *Kaufman* settlement subject to a complete reservation of rights, including the right

6

to seek reimbursement of all or any uncovered portion of Mesa's settlement payment on behalf of Allergan.

23.    Allergan has not reimbursed Mesa for the uncovered settlement payment.

24.    Because the Mesa policy does not provide coverage for the *Kaufman* claims, Allergan has obtained policy benefits to which it was not entitled.  To avoid unjust enrichment of Allergan, and in accordance with the policy and California law, Mesa is entitled to reimbursement from Allergan for the full amount of the settlement payment incurred by Mesa on behalf of Allergan, plus prejudgment interest thereon, under *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal.4th 489 (2001), and *Johansen v. California State Auto Ass'n*, 15 Cal.3d 9 (1975).

## THIRD CLAIM FOR DECLARATORY JUDGMENT

25.    Mesa incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs.

26.    An actual controversy has arisen and now exists between Mesa on the one hand, and Allergan on the other hand, concerning the applicability of the Mesa policy.  Mesa contends that it had no duty to defend or indemnify Allergan in connection with the *Kaufman* action because of the exclusionary language in the Mesa policy, quoted above, and that Mesa is entitled to reimbursement for sums paid under the policy.

27.    Mesa is informed and believes, and thereon alleges, that Allergan contends or will contend to the contrary.

28.    Given the controversy between Mesa and Allergan, Mesa requests that this Court make and enter its binding judicial declaration in accordance with Mesa's contentions set forth above.  The requested declaration is both necessary and proper at this time under the circumstances in that the interests of judicial economy and substantial justice will be served thereby.

PRAYER FOR RELIEF

WHEREFORE, Mesa prays for judgment as follows:

a.     That the Court order and enter a money judgment requiring defendant Allergan, Inc. to reimburse Mesa for the full amount of attorneys' fees and costs insured to defend Allergan in the underlying *Kaufman* lawsuit in the amount of $498,278.87, according to proof, together with prejudgment interest thereon;

b.     That the Court order and enter a money judgment requiring defendant Allergan, Inc. to reimburse Mesa for the $1,000,000 Mesa paid to settle the underlying *Kaufman* lawsuit, together with prejudgment interest thereon;

c.     That the Court make and enter its binding judicial declarations in accordance with Mesa's contentions set forth above;

d.     That Mesa be awarded its costs of suit herein; and

e.     For such other and further relief as the Court deems just and proper.

DEMAND FOR JURY TRIAL

Plaintiff Mesa Underwriters Specialty Insurance Company demands a jury trial as provided by Fed. R. Civ. P. 38(a).

December 10, 2020           NIELSEN KATIBAH LLP

By:    */s/ Daniel N. Katibah*
Daniel N. Katibah
Attorneys for Plaintiff Mesa
Underwriters Specialty Ins. Co.

8